▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
___

## United States District Court
## Eastern District Of Kentucky
## Central Division At Frankfort

| | |
|---|---|
| HOPE OF KENTUCKY, LLC, *et al.*,  )<br>    Plaintiffs,  )<br> )<br>v.  )<br> )<br>DANIEL CAMERON, in his official capacity  )<br>as the Attorney General of the Commonwealth  )<br>of Kentucky,  )<br>    Defendant.  )<br>_____ ) | CIVIL ACTION NO.: 3:22-CV-62-GFVT<br><br>Removed from Franklin Circuit Court,<br>Case 22-CI-00842 |

---

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT
### OF THEIR MOTION TO ABSTAIN, DISMISS AND REMAND

---

 

MORGAN POTTINGER MCGARVEY

By: */s/ M. Thurman Senn*_____

*Of Counsel:*
Debra K. Stamper (KBA #83890)
dstamper@kybanks.com
Kentucky Bankers Association
600 West Main Street, Suite 400
Louisville, Kentucky  40202
(502) 582-2453

    John T. McGarvey (KBA #46230)
    jtm@mpmfirm.com
    M. Thurman Senn (KBA #82343)
    mts@mpmfirm.com
    401 South Fourth Street, Suite 120
    Louisville, Kentucky  40202
    (502) 589-2780
    *Counsel for Plaintiffs*

### Certificate of Service

On January 16, 2023, I electronically filed this document through the Court's ECF filing which will send a notice of electronic filing to all counsel of record.

                                */s/ M. Thurman Senn*_____
                                M. Thurman Senn (KBA #82343)

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

**Table Of Contents**

Page

I. INTRODUCTION ..................................................................................................1

II. YOUNGER ABSTENTION IS APPROPRIATE AS THERE IS A PENDING STATE PROCEEDING – FRANKLIN CIRCUIT COURT, CASE 22-CI-00842 ..........1

III. AG CAMERON HAS NOT DEMONSTRATED THAT *BURFORD* ABSTENTION IS INAPPROPRIATE ................................................................................................3

IV. THE *PULLMAN* ABSTENTION DOCTRINE IS APPROPRIATE BECAUSE STATE LAW DECISIONS CAN ENTIRELY MOOT OR SUBSTANTIALLY NARROW THE PLAINTIFF'S FIRST AMENDMENT CLAIM...................................4

V. ELEVENTH AMENDMENT CONSIDERATIONS FURTHER SUPPORT ABSTENTION ........................................................................................................5

VI. CONCLUSION.......................................................................................................5

Plaintiffs, Hope of Kentucky, LLC ("HOPE") and Kentucky Bankers Association (the "KBA") (collectively, "Plaintiffs"), by counsel, state as following as their reply in further support of their motion [DK#6] that this Court abstain from deciding Plaintiffs' claims against Defendant, Daniel Cameron in his official capacity as the Attorney General of the Commonwealth of Kentucky ("AG Cameron"), and remand this case back to the Circuit Court of Franklin County, Kentucky, from which it was removed.

**I.     Introduction.**

In their abstention motion and supporting memorandum [DK#6-1 (the "Plaintiffs' Abstention Memo")], Plaintiffs explained why abstention was appropriate under the *Burford*, *Younger*, and *Pullman* abstention doctrines.

AG Cameron opposes returning the case to the Franklin Circuit Court. In his response to the abstention motion [DK#10 (the "AG Cameron Abstention Memo")], he first argues that there is no need to decide abstention because his motion to dismiss on standing and the merits should be granted. *See* AG Cameron Abstention Memo at pp. 3-4. Plaintiffs have filed a separate memorandum opposing the motion to dismiss, and there is no need to repeat their arguments in this memorandum.[1]

On the merits of abstention, he generally argues about various aspects of the tests for abstention under the three doctrines. It is to rebutting those arguments that this memorandum now turns.

**II.    *Younger* Abstention Is Appropriate As There Is A Pending State Proceeding – Franklin Circuit Court, Case 22-CI-00842.**

In their motion, Plaintiffs argued that *Younger* abstention was appropriate. *See* Plaintiff's Abstention Memo [DK#6-1] at pp. 8-10.

---

[1] To the extent necessary or appropriate, Plaintiffs incorporate herein by reference Plaintiffs' Memorandum In Opposition To Defendant's Motion To Dismiss.

1

The only objection AG Cameron raises to *Younger* abstention is the argument that "Younger abstention is inapplicable because it requires an ongoing state proceeding." *See* AG Cameron's Abstention Memo at p. 4. This is easily rebutted – there is an ongoing state proceeding, Franklin Circuit Court, Case 22-CI-00842.

That this case still exists is made clear by the federal statutes on removal. 28 U.S.C. §1446(d) requires that a defendant removing a case "shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." This language makes is plain that there is a proceeding in Franklin Circuit Court, only it "shall proceed no further unless and until the case is remanded."

Dovetailing with this is 28 U.S.C. §1450 which provides that "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The statute provides that all state court injunctions and orders remain in effect because there still is a state case.

In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court discussed abstention generally and wrote the following:

> We have thus held that in cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court.

*Id*. at p. 721. This passage indicates that the Supreme Court would have no problem with remanding a case back to state court if the policy considerations underlying *Younger* abstention justify abstention. Similar language is contained in *Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 36 (2nd Cir. 1988), where the court wrote: "we conclude that if a district court has the power to dismiss an action on grounds of abstention it has the power to remand to the state court on those grounds."

2

With this single objection of AG Cameron to *Younger* abstention being easily rejected, this Court should proceed with remanding this case based upon the principles underlying *Younger* abstention – avoiding unnecessary interference with proceedings which implicate important state interests.

### III.   AG Cameron Has Not Demonstrated That *Burford* Abstention Is Inappropriate.

In opposing *Burford* abstention, the heart of AG Cameron's argument is that this is a simple case under state law and that Plaintiffs' federal First Amendment claim should stay in a federal court. *See* AG Cameron's Abstention Memo at pp. 8-10.

Litigants regularly, and often simultaneously, contend that the legal arguments in their favor are simple (and in each one's favor). In this case, however, it is not as simple as AG Cameron would contend.

First, Plaintiffs' Count 3 involves a completely new Kentucky statutory scheme on energy company boycotts that became effective only July 14, 2022, and it has never been interpreted by any court, federal or state. In cannot be disputed that the first decision on that statutory scheme by a federal court (rather than a state court) has "the potential for disruption of state efforts to establish a coherent policy with respect to a matter of substantial public concern" (the fourth prong of the *Burford* factors).

Second, Plaintiffs' Count 1 involves determining whether the CIDs are "unreasonable investigative action" under KRS 367.260. It also involves whether the CIDs are, in the words of *Commonwealth ex rel. Hancock v. Pineur*, 533 S.W.2d 527, 529 (Ky. 1976), "a governmental investigation [by the attorney general] into corporate matters … of such a sweeping nature and so unrelated to the matter properly under inquiry as to exceed the investigatory power." While these tests are easy to state, their application may prove to raise "difficult questions of state law" or, again, the potential for disruption of state efforts to establish a coherent policy with respect to

3

a matter of substantial public concern.

Third, this case directly involves a state agent as the defendant, and the presence of state administrative agency represents an important indicator of the state's interest in implementing a coherent policy. *Saginaw Housing Com'n v. Bannum, Inc.*, 576 F.3d 620, 627 (6th Cir. 2009).

Fourth, AG Cameron acknowledges that *Ohio Valley Environmental Coalition v. River Cities Disposal,* LLC, 2016 WL 1255717 (E.D.Ky. Mar. 29, 2016), "abstained under *Burford* out of 'respect for the independence of state action … when there is a claim that a state agency has misapplied its lawful authority.'" *See* AG Cameron's Abstention Memo at p. 9, n. 4.  This same concern applies here.

Fifth, while there is a First Amendment claim, AG Cameron does not argue that it will not be fairly and appropriately addressed by the Franklin Circuit Court.  While there is a federal interest in deciding a First Amendment claim, abstention involves a balancing of federal and state concerns that, in this case, favor a state court decision.

In sum, Plaintiffs' claims involve important, interrelated, and novel questions of Kentucky state law bearing on state agency powers and state policy problems of substantial public import.  *Burford* abstention is entirely appropriate in this situation.

**IV.   The *Pullman* Abstention Doctrine Is Appropriate Because State Law Decisions Can Entirely Moot Or Substantially Narrow The Plaintiffs' First Amendment Claim.**

In opposing *Pullman* abstention, AG Cameron incorrectly argues that "the state statutes authorizing the Attorney General to issue CIDs are not subject to an interpretation that will substantially modify the federal First Amendment question."  *See* AG Cameron's Abstention Memo at p. 11.

As Plaintiffs have explained, their First Amendment claims become completely moot if the CIDs are quashed as being beyond AG Cameron's state authority, and they may be significantly narrowed or limited depending upon the extent to which the CIDs are found to be

4

unreasonable investigative action under KRS 367.260.  Why Plaintiffs' state claims can lead to a quashing of the CIDs or of their narrowing is discussed in detail in Plaintiffs' response to AG Cameron's motion to dismiss and that response is being filed simultaneously with the memorandum.  There is no need to repeat those arguments in this memo.  Rather, it is sufficient to point out that such potentiality are the exact considerations to which *Pullman* abstention was designed to respond, and *Pullman* abstention should be applied in this case.

V.  **Eleventh Amendment Considerations Further Support Abstention.**

An additional consideration bearing upon abstention is the Eleventh Amendment.  In *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984), the Court wrote: "a federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when – as here – the relief sought and ordered has an impact directly on the State itself." *Id.* at p. 117.  The *Pennhurst* court also explained that "It is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").  While Plaintiffs could contend, and if appropriate will contend, that AG Cameron has waived any Eleventh Amendment immunity he might have by electing to remove the Franklin Circuit Court case to federal court, the federalism concerns raised by the Eleventh Amendment certainly bear upon the appropriateness of abstention and support abstention.

By abstaining, this Court returns this case to state court where there are no Eleventh Amendment policy considerations.  This is certainly an appropriate factor to consider in deciding whether or not to abstain, and it supports abstention.

VI.  **Conclusion.**

AG Cameron has <u>not</u> presented persuasive reasons why this Court should not abstain from deciding the important state law questions raised by this case concerning AG Cameron's

5

authority to issue the CIDs. Plaintiffs' motion should be granted and this case remanded to the Franklin Circuit Court where it was originally filed.

                                                    Respectfully submitted,

                                                    MORGAN POTTINGER MCGARVEY

                                                    By: */s/ M. Thurman Senn*

| *Of Counsel:* | John T. McGarvey (KBA #46230) |
|---|---|
| Debra K. Stamper (KBA #83890) | jtm@mpmfirm.com |
| dstamper@kybanks.com | M. Thurman Senn (KBA #82343) |
| Kentucky Bankers Association | mts@mpmfirm.com |
| 600 West Main Street, Suite 400 | 401 South Fourth Street, Suite 120 |
| Louisville, Kentucky 40202 | Louisville, Kentucky 40202 |
| (502) 582-2453 | (502) 589-2780 |
| | *Counsel for Plaintiffs* |