UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

*Electronically filed*

| | |
|---|---|
| HOPE OF KENTUCKY, LLC, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br><br> DANIEL CAMERON <br><br> *Defendant* | No. 3:22-cv-00062-GFVT <br> (Removed from Franklin Circuit Court <br> No. 22-CI-00842) |

### ATTORNEY GENERAL CAMERON'S RESPONSE TO PLAINTIFFS' MOTION TO REFER THE DISPUTE TO MEDIATION

In their most recent motion, the Plaintiffs ask this Court to refer this case to mediation before a Magistrate Judge. Doc.19, PageID.317. But mediation is not appropriate here. Attorney General Cameron, therefore, respectfully urges this Court to deny the Plaintiffs' motion.

### ARGUMENT

Mediation achieves resolution through agreement arrived at by compromise. And while many cases may be well-served by pausing to engage in an attempt at reaching a mutually beneficial (or at least mutually tolerable) agreement, this is not one of them. The challenges raised by the Plaintiffs are clear questions of law that do not lend themselves to compromise. Nor is mediation appropriate where the plaintiffs

1

lack a concrete, imminent injury—that is to say, where there is no legally cognizable dispute in the first place. Mediation, therefore, should not be ordered in this case.

## I. The Plaintiffs raise questions of law that that do not lend themselves to private compromise.

It is the judiciary's responsibility to decide questions of law. This has been explicitly clear since *Marbury v. Madison* when the Supreme Court said, "[i]t is emphatically the province and duty of the judicial department to say what the law is." 5 U.S. 137, 177 (1803). This authority "to say what the law is" extends both to interpreting the Constitution, *see, e.g., Baker v. Carr*, 369 U.S. 186, 211 (1962) (explaining the court is the "ultimate interpreter of the Constitution"), and statutes, *see, e.g., United States v. Brown,* 639 F.3d 735, 737 (6th Cir. 2011) ("A matter requiring statutory interpretation is a question of law[.]"); *Kenton Cnty. Bd. of Adjustment v. Meitzen*, 607 S.W.3d 586, 591 (Ky. 2020) ("Statutory interpretation is a question of law."). In fact, the Sixth Circuit recently held that courts are not bound by party stipulations to questions of law. *United States v. Butts*, 40 F.4th 766, 769 (6th Cir. 2022) ("In interpreting statutory language, we cannot delegate our authority to the parties. . . . We therefore undertake our own analysis in resolving this question.").

This makes it clear that mediation is not appropriate for this case. The Plaintiffs have raised challenges that would require interpretation of the U.S. Constitution and various statutes, and, if properly raised, such questions of law

2

ultimately must be answered by a court.[1] Specifically, the Plaintiffs have challenged civil investigative demands (CIDs) on their face, arguing that "[t]he very existence of the CIDs . . . chills the Plaintiffs' rights to think, speak, and associate freely and without unwarranted governmental intrusion or criticism." Doc. 1-1, PageID.14. The Plaintiffs also challenge the issuance of the CIDs here by relying on an erroneous interpretation of Kentucky law to suggest that the Attorney General could never investigate any bank for any reason. *See* Doc. 1-1, PageID.11–13. These challenges raise strictly legal questions. While the Attorney General might, in the proper case, negotiate regarding the scope or reach of a *particular* CID, the question of his constitutional and statutory authority to issue CIDs at all is not negotiable.

Moreover, the interpretation of Ky. Rev. Stat. §§ 286.1-011(2), 367.170, and 367.260 is ultimately a question of law that is not subject to a private compromise. According to the Sixth Circuit, "[t]he role of the judicial branch is to apply statutory language and we cannot cede our authority to interpret statutes to the parties or their attorneys." *United States v. Wilson*, 978 F.3d 990, 997 (6th Cir. 2020) (internal citation omitted). Consequently, questions of statutory interpretation cannot be fully resolved through mediation; if properly raised, they must be addressed by the Court.

There is no agreement that could be reached between Attorney General Cameron and the Plaintiffs that would resolve the constitutional and statutory challenges raised in this case. And even if there were, this Court would not be

---

[1] Of course, the responsibility to answer questions of law is only triggered if the court has jurisdiction. Here it does not have jurisdiction because the Plaintiffs lack standing. *See* Doc. 7, PageID.139–45; Doc. 16, PageID.296–306. The Plaintiffs' lack of standing serves not to make mediation more viable, but less. *See infra* section II.

3

obligated to follow any such stipulations made by the parties. Thus, mediation would only unnecessarily delay adjudication, making it inappropriate in this case.

## II.     The Plaintiffs' lack of injury renders mediation futile.

To the extent the Plaintiffs seek mediation to resolve their challenges to the specific CIDs issued to the six financial institutions rather than their constitutional and statutory challenges, it would still be a futile endeavor. The Plaintiffs have not demonstrated any injury stemming from the CIDs. *See* Doc. 16, PageID.296–306. Just as the absence of an injury means this Court lacks jurisdiction to hear the Plaintiffs' claims, it also means mediation is inappropriate. Without an injury, there is nothing the parties can resolve.[2]

To the extent the Plaintiffs want a promise that the Office of the Attorney General will not issue a CID against Hope, KBA, or any of its members in the future, mediation is still not appropriate. The Plaintiffs' alleged concern that they, or KBA's members, will at some point in the future be the subject of an investigation is nothing more than a hypothetical injury. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992) (holding that a plaintiff must show an injury that is "not conjectural or hypothetical" (citation omitted)). And while it is impossible for the Attorney General to say that these Plaintiffs, or one or more of KBA's members, will never be involved in a future investigation by this Office, the Attorney General has

---

[2]     The absence of any injury also means the Plaintiffs lack the authority necessary for mediation. Agreements can only be made if there is someone present with authority to make them. But the Plaintiffs are not the subject of any of the CIDs at issue here and have not demonstrated any injury stemming from any of the CIDs.  Conversely, none of the financial institutions who are subject to the CIDs are parties to this lawsuit.  The Plaintiffs are, therefore, not the right parties to be involved in any mediation with respect to the six CIDs.

4

repeatedly explained that they are not the subjects of the investigation into conduct of the six banks served with the subject CIDs. *See* Doc. 16, PageID.299; Doc. 17, PageID.313. So again, there would be nothing to resolve through agreement.

Mediation should not be used to give life to a non-viable case. With no demonstration of standing by the Plaintiffs, this Court lacks subject matter jurisdiction and the appropriate response is to dismiss the case. To ask the Court to instead allow the Plaintiffs to use mediation to resolve challenges they did not have standing to bring in the first place would be to circumvent the constitutional standing requirements. The Court should not countenance such tactics.

## CONCLUSION

Mediation simply does not make sense in this case. There being no good cause for the Court to order mediation, the Court should deny the Plaintiffs' motion, and instead move forward with ruling on the motion to dismiss.

Respectfully submitted,

*/s/ Christopher L. Thacker*
Christopher L. Thacker (KBA No. 91424)
Lindsey R. Keiser (KBA No. 99557)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Christopher.Thacker@ky.gov
Lindsey.Keiser@ky.gov
*Counsel for Defendant,*
*Attorney General Daniel Cameron*

## CERTIFICATE OF SERVICE

      I certify that on March 7, 2023, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

                                    <u>*/s/ Christopher L. Thacker*</u>
                                    *Counsel for Defendant,*
                                    *Attorney General Daniel Cameron*